25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry Lee PARK, Petitioner-Appellant,
v.
Steve HARGETT, Respondent-Appellee.
 No. 94-6053.
 United States Court of Appeals, Tenth Circuit.
 June 8, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Terry Lee Park, a state prisoner appearing pro se, appeals from the dismissal of his petition for a writ of habeas corpus. Upon the recommendation of a magistrate judge, the district court held only one of seven issues presented in his petition had been exhausted in state court. The court gave Mr. Park the choice of proceeding only on the exhausted issue or returning to state court for further proceedings. Mr. Park failed to elect within the time specified by the court; therefore, his petition was dismissed.
 
 
 3
 In his appeal, Mr. Park contends he has exhausted his remedies on all issues. Whether that claim is even colorable is hard to determine. As with many pro se lawyers, Mr. Park has chosen to fill his pleadings with legal-sounding terms, many of which mean nothing to the issues of his case. Perhaps had he chosen to use plain English, we could better grasp what he wants us to understand. Yet, even though we must make a greater effort to interpret his papers than we would those of a lawyer, we cannot invent his case for him.
 
 
 4
 Nonetheless, our review of the record fails to indicate how the district court erred. The first issue Mr. Park seeks to raise is whether his double jeopardy rights were denied by the state trial court when it granted a mistrial. Mr. Park presented that issue to the Oklahoma Court of Criminal Appeals though an extraordinary writ, and his state-level exhaustion of that issue is clear. The other issues presented in his federal habeas corpus petition, however, seemingly center around the actions of the Court of Criminal Appeals in dealing with the extraordinary proceeding. None of those issues have been raised or addressed at the state level.
 
 
 5
 While it is difficult, as noted by the district court, to see how the unexhausted issues involve claims that are subject to federal habeas corpus, we will not address that problem at this time. It is nonetheless clear Mr. Park has not properly presented those claims to the state court, and the district court did not err in dismissing his petition.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470